IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| STARDUST, 3007 L.L.C. d/b/a Stardust, and MICHAEL MORRISON, | * * * | |
| Plaintiffs, | * * | |
| v. | * * | 1:14-CV-03534-ELR |
| CITY OF BROOKHAVEN, GEORGIA | * * | |
| Defendant-Counterplaintiff, | * * | |
| and SUSAN CANON, individually and in her official capacity as Director of Community Development, | * * * * | |
| Defendant. | * | |

_____

**ORDER AND OPINION**
_____

This matter is before the Court on Defendant-Counterplaintiff's Motion for Preliminary Injunction. (Doc. No. 7) After conducting a hearing and considering the submissions of the parties, the Court enters the following Order.

**I.   BACKGROUND**

  **a. Facts of the Case**

The City of Brookhaven ("the City" and/or "Brookhaven") was formed in late December of 2012. Shortly thereafter, in February of 2013, Plaintiff Michael

Morrison opened a retail establishment, co-plaintiff Stardust, 3007 L.L.C ("Stardust"). At its inception, Stardust claimed to be, and was licensed as, a "retail smoke shop," selling tobacco, pipes, and other novelty items. The store operated in this iteration for approximately two months before informing the City that it would be adding merchandise to its inventory that would fall under the label "sexual devices" as described in § 15-401 of the City's municipal code. This chapter of the municipal code is titled the "Sexually Oriented Business Code" (SOB Code). Without waiting for a response from the City, Stardust did add such items to its inventory. The City claims that this is the point at which Stardust began illegally operating a sexually oriented business, by virtue of its becoming a "sexual device shop."

The SOB code defines a "sexual device shop" as "a commercial establishment that regularly features sexual devices." (Doc. No. 5-2) It further defines "regularly" as the "consistent and repeated doing of an act on an ongoing basis," and "feature" as "to give special prominence to." Id. Stardust did not, and does not, have a license to operate a sexually oriented business. Additionally, Stardust shares a property line with the Pink Pony, another SOB, and is less than 300 feet from a residential area, in violation of §15-419(a)-(b). Thus, the City contends that Stardust is illegally operating an SOB in three ways: a) without having a license to operate an SOB, b) in impermissible proximity to another SOB, and c) in impermissible proximity to a residential area. In accordance with its reading of the municipal code, the City began

issuing citations against Stardust and its employees in June of 2013. (Doc. No. 13, ¶ 62)

Over a number of months, the City issued hundreds of citations to Stardust. During this time, Morrison requested that the City send a code enforcement officer for him to speak with so that he could adjust his inventory or displays in such a way as to avoid being labeled a "sexually oriented business" and having to abide by the regulations in the SOB Code. (Doc. No. 5-5) In a letter dated August 13, 2013, Defendant Canon directed Morrison to the section of the code which defines "sexual device shop" and told him that, as he was represented by counsel, he should confer with his attorney to obtain legal advice. (Doc. No. 5-6) The City continued to cite Stardust through the end of 2013.

Also during this time, Stardust repeatedly applied for a sign permit so that it could erect a sign in the front of the store. (Doc. No. 13, ¶¶ 69-71) After several failed attempts to submit a completed application, Stardust managed to do so in March of 2014. Id. This application was denied. The reason given for denial was that Stardust was operating an SOB without a license to do so, and in a prohibited location. (Doc. No. 13, ¶ 73) Stardust attempted to appeal this permit denial. Unable to locate an appeals form, Stardust sent a letter to the City stating its reasons for appeal. (Doc. No. 13, ¶¶ 76-82) Brookhaven responded by providing Stardust with an appeal form and 24 hours in which to complete and submit it. Stardust did not

meet this 24 hour deadline, and, as a result, Defendant Canon refused to process the administrative appeal. Id.

Currently, Stardust is a operating as a retail establishment with inventory consisting of sexually explicit media, lingerie, novelty gifts, and a variety of sexual devices as defined by the code. It does not have a license to operate as a sexually oriented business, shares a property line with the Pink Pony, and is less than 300 feet from a residential district.

### b. Procedural History

Prior to a federal suit being filed, as mentioned above, Stardust had been cited hundreds of times by the City for failing to abide by the municipal ordinances in question. In January of 2014, the City ceased citing Stardust and filed an accusation in Municipal court. In response, Stardust filed suit in DeKalb County Superior Court, challenging the constitutionality of the SOB ordinances it was alleged to have violated.

Stardust also filed suit in federal court, initially alleging violations of the First Amendment and Due Process as a result of the denial of a sign permit. Brookhaven then counterclaimed, alleging violations of its Sexually Oriented Business (SOB) Code for Stardust's continuing operation in its location. The City now seeks a preliminary injunction. Subsequent to the Motion for Preliminary Injunction, Stardust filed an Amended Complaint which included direct challenges to the

constitutionality of the SOB Code that it was being accused of violating in the counterclaim. (Doc. No. 13)

On December 18, 2014, the Court heard from both parties on the Motion for Preliminary Injunction. As of the date of that hearing, discovery had not yet begun in the federal case.

## II. ANALYSIS

### a. Standard for Preliminary Injunction

The City seeks to enjoin Stardust from operating a sexually oriented business in violation of the City's SOB Code. More specifically, it seeks an order from the Court that would stop Stardust from selling sexual devices at its retail establishment located at 3007 Buford Highway. "A district court may issue a preliminary injunction when the moving party demonstrates (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction is issued; (3) the threatened injury to the moving party outweighs whatever damage the proposed injunction might cause the non-moving party; and (4) if issued, the injunction would not be adverse to the public interest." BellSouth Telecommunications, Inc. v. MCIMetro Access Transmission Servs., LLC, 425 F.3d 964, 968 (11th Cir. 2005).

"The preliminary injunction is an extraordinary and drastic remedy not to be

granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites." United States v. Jefferson Cnty., 720 F.2d 1511, 1518 (11th Cir.1983) (*quoting* Canal Auth. v. Callaway, 489 F.2d 567, 573 (5th Cir.1974)).

### b. Discussion

This case involves numerous constitutional challenges to the City's SOB code, including equal protection, due process, and First Amendment claims. The City seeks to enforce its code against Stardust and requests that the Court issue an injunction to that effect. Pursuant to the standard above, to prevail in its Motion for Preliminary Injunction, the City would need to show a substantial likelihood of success on the merits; that is, that Stardust is continually violating its SOB Code and that the Code withstands constitutional scrutiny. From the pleadings and facts on the record thus far, it is not clear to the Court that the City has carried its burden, or that the City has requested an injunction with the specificity required by Fed. R. Civ. P. 65(d).

### i. *Request to Enjoin Stardust From Selling Sexual Devices*

Notably, the City's Motion (Doc. No. 7) requests that Stardust be enjoined from operating a sexually oriented business at their location of 3007 Buford Highway. However, since Stardust contends it is not a sexually oriented business under Brookhaven's ordinances, such an injunction would likely have little effect on their current operations. Thus, at the hearing on the Motion, the City clarified that it

is requesting that Stardust be enjoined from selling sexual devices at its current location. This change in requested remedy evidences the heart of the issue in this case: Stardust would like to continue selling sexual devices without being labeled a sexually oriented business and thereby having to abide by the regulations set forth in the SOB code. The City contends that by its sale of sexual devices, Stardust is <u>necessarily</u> a sexually oriented business and cannot escape regulation. Importantly, the City has not requested the Court enjoin Stardust from "featuring" such devices "regularly," nor has it asked that these devices not be given a position of "special prominence."

By the plain language of the code, merely selling sexual devices does not automatically render an establishment a "sexual device shop." Instead, it is the above-mentioned "regular featur[ing]" of those devices that would subject an establishment to regulation as an SOB. While the City rightfully pointed out that "regularly featured" is defined in the code, it has not requested that Stardust be enjoined from regularly featuring sexual devices, and it has provided no insight as to the meaning of the phrase "special prominence." Rather, it has requested that the Court order Stardust to stop selling these items altogether – an action which it maintains it could have done in the first place. (Doc. No. 16, p. 13) This may be so; however, it is not the course of action the City chose to take. Instead, it asks the Court to act in its place.

It is not the place of the District Court to read into a statute a prohibition which does not exist. "[Courts] are not … authorized to revise statutory provisions in the guise of interpreting them." In re Hedrick, 524 F.3d 1175, 1187 (11th Cir. 2008) amended on reh'g in part, 529 F.3d 1026 (11th Cir. 2008). The City made a request of the Court to issue an order that would not comport with a plain reading of The City's municipal code. Indeed, the City's insistence that it could have banned the sale of sexual devices is further evidence that the SOB Code is meant to do something short of that. Thus, Brookhaven is asking the Court to adopt an interpretation of its SOB Code which is contradictory to the plain language used in the statute. Because this is not an action within the purview of the judiciary, the Court declines to do so.

### *ii. Request to Enjoin Stardust from operating a Sexual Device Shop*

Having established that the code does not prohibit outright the sale of sexual devices, the Court turns to address Brookhaven's request that Stardust be enjoined from "operating a sexually oriented business at 3007 Buford Highway NE in Brookhaven." (Doc. No. 7) "[I]nsofar as [Movant] urges the Court to grant him preliminary injunctive relief that would amount to a broad instruction for Defendants to obey the law, [Movant's] requested relief runs afoul of Rule 65(d) of the Federal Rules of Civil Procedure. Under Rule 65(d), '[e]very order granting an injunction and every restraining order must: (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail-and not by

8

referring to the complaint or other document-the act or acts restrained or required." Fed.R.Civ.P. 65(d)(1)." Thomas v. Burnside, No. 5:13-CV-108 MTT, 2014 WL 1681450, at *2 (M.D. Ga. Mar. 25, 2014) (omitting internal citations) report and recommendation adopted, No. 5:13-CV-108 MTT, 2014 WL 1681503 (M.D. Ga. Apr. 28, 2014).

An injunction "should clearly let defendant know what he is ordered to do or not to do. A court order should be phrased in terms of objective actions, not legal conclusions." Planetary Motion, Inc. v. Techsplosion, Inc., 261 F.3d 1188, 1203 (11th Cir.2001) (quoting John H. Harland Co. v. Clarke Checks, Inc., 711 F.2d 966, 984–85 (11th Cir.1983)). Therefore, an order enjoining Stardust from operating a sexually oriented business at its current location would be impermissibly broad, because it would not put Stardust on notice of what behavior is prohibited. Further, the City has not attempted to explain, either to Stardust or the Court, how Stardust could change its operations to comply with the law, short of telling them to cease selling sexual devices.

Additionally, "to support or oppose a motion for a preliminary injunction," a party must present "[e]vidence that goes beyond the unverified allegations of the pleadings and motion papers." Charles Alan Wright et al., Federal Practice and Procedure § 2949, at 237 (3d ed.2013); see also Qualls v. Rumsfeld, 357 F.Supp.2d 274, 281 (D.D.C.2005) ("When moving the court for a preliminary injunction, [movants] bear the burdens of production and persuasion. To meet these burdens,

[movants] may rely on evidence that is less complete than in a trial on the merits; however, the evidence [movants] offer must be credible evidence.") (internal citations and quotation marks omitted). "Bare pleadings and attorney argument, however, are not evidence and do not satisfy the plaintiff's burden." Interface, Inc. v. Tandus Flooring, Inc., 4:13-CV-46-WSD, 2013 WL 5945177, at *3 (N.D. Ga. Nov. 5, 2013) reconsideration denied, 4:13-CV-46-WSD, 2014 WL 273446 (N.D. Ga. Jan. 22, 2014)(internal citations omitted).

In this case, the City has not offered any evidence on what the phrase "special prominence" means. Indeed, the factual record is almost devoid of any detailed explanation as to how the code enforcement officers responsible for citing Stardust made the determination that it falls under the relevant definition. The only pertinent pieces of evidence submitted by the City are affidavits of code enforcement officers, which include photographs of Stardust's merchandise and statements that the items in question were continuously "on display." However, depositions relied on by Stardust indicate that the code enforcement officers were operating under direction of Defendant Canon, and the officers could not state with specificity how it was that Stardust was "featuring" sexual devices, as opposed to merely selling them.

### *iii. Stardust's Claims that the SOB Code implicates Commercial Speech*

It appears from the arguments and facts on the record that the City believes that Stardust's stocking and selling these devices is sufficient to find that they are "regularly featuring" them. Indeed, the City is adamant that this case is solely about the sale of sexual devices and has nothing to do with the manner in which they are displayed or advertised. (Doc. No. 16, p. 9) This is not so apparent to the Court. It would seem, instead, that to give an item a position of special prominence would tend to implicate the manner in which that item is advertised or displayed in-store. Contrary to the City's assertion that this is not a First Amendment case, this regulation may constitute an impermissible restraint on commercial speech. In Lorillard Tobacco Co. v. Reilly, 533 U.S. 525 (2001), the Supreme Court assumed without deciding, for the purpose of discussion, that there may be "a cognizable speech interest in a particular means of displaying [a merchant's] products." Id. at 567. Thus, regulations of the manner in which a product is displayed – whether prominently or not – may trigger intermediate scrutiny under the 1st Amendment.

"[D]istrict courts cannot concoct or resurrect arguments neither made nor advanced by the parties." Fils v. City of Aventura, 647 F.3d 1272, 1284 (11th Cir. 2011). In its haste to assert that this case has no First Amendment implications, the City has failed to show how its ordinance does not affect the in-store display of merchandise, and it has not addressed the standards for protection of commercial

speech. Based upon the extremely limited record before the Court, and the City's lack of argument on the relevant standard, it cannot be said that the City has shown a substantial likelihood that it will prevail on the merits, should its ordinance be deemed to regulate commercial speech as alleged by Stardust. Additionally, Brookhaven's reliance on <u>Flanigan's Enters., Inc. v. City of Sandy Springs</u>, No. 1:13-cv-3573-HLM (N.D. Ga. Oct. 21, 2014) (Doc. No. 7-4) is misplaced. The statute in question in that case did not include the "special prominence" language which the Court finds troubling; instead, it barred the sale of any device marketed as primarily for the stimulation of genital organs. That is more clearly a ban on the sale of the devices in question. Brookhaven's statute, as discussed, does not ban the sale of sexual devices; rather, it is the manner in which they are carried in a store which may subject that store to regulation under the SOB Code.

The Court need not, and does not, express an opinion today on whether the SOB ordinance actually does violate the protections afforded to commercial speech; nor does it definitively declare that there is a commercial speech interest in the manner in which inventory is displayed within a retail store. This, by and large, is an unexplored area of First Amendment doctrine. Brookhaven claims that the SOB Code merely restricts the sale of sexual devices and not their advertisement, and thus has not advanced any arguments under a First Amendment framework. In doing so, the City has not carried its burden of persuasion in showing a likelihood of success on the merits in this regard.

It is hereby **ORDERED** that Defendant-Counterplaintiff's Motion for Preliminary Injunction is **DENIED**.

**IT IS SO ORDERED** this 13th day of January, 2015.

*/s/ Eleanor L. Ross*
_____
Eleanor L. Ross
United States District Judge
Northern District of Georgia