```
                  IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF GEORGIA
                            ATLANTA DIVISION
```

| | | |
|---|---|---|
| STARDUST, 3007 L.L.C. d/b/a Stardust, and MICHAEL MORRISON, | * * * * | CIVIL ACTION FILE |
| Plaintiffs-Counter-defendants, | * * * | No. 1:14-CV-3534-ELR |
| -vs- | * * | |
| CITY OF BROOKHAVEN, GEORGIA, | * * | |
| Defendant-Counterplaintiff, | * * * | |
| and SUSAN CANON, individually and in her official capacity as Director of Community Development, | * * * * * | |
| Defendant. | * | |

**<u>PLAINTIFFS' ANSWER AND AFFIRMATIVE DEFENSES
TO CITY OF BROOKHAVEN'S COUNTERCLAIM</u>**

Plaintiffs Stardust, 3007 L.L.C. d/b/a Stardust, and Michael Morrison (together "Stardust"), answer the City of Brookhaven's counterclaim [Doc. 25] as plead with its answer to the first amended complaint as follows:

AFFIRMATIVE DEFENSES

<u>First Defense</u>

The City's counterclaim fails to state a claim upon which relief can be granted.

<u>Second Defense</u>

Insofar as the City has filed a permissive counterclaim

(given that the City's March 27, 2014 denial of Stardust's sign permit application does not arise out of the same transaction or occurrence as the City's sprawling counterclaim discusses), this Court lacks, or might lack, subject matter jurisdiction over the counterclaim because the City has not demonstrated either (1) federal question jurisdiction, or (2) diversity jurisdiction.  And exercising supplemental jurisdiction over the City's counterclaim (under 28 U.S.C. § 1367) might prove unwise because (1) the counterclaim will substantially predominate Stardust's claims for which this Court has original jurisdiction, and (2) the counterclaim is essentially a nuisance-abatement suit grounded in the City's police powers (as the City is asking the Court to enforce its ordinances, rather than asking the Court to enjoin enforcement of ordinances that violate the federal Constitution).  See 28 U.S.C. § 1367(c)(2)&(4).

### Third Defense

Answering the numbered paragraphs of the City's counterclaim, Stardust shows as follows:

1.

The allegations of paragraph 1 are legal conclusions that require no response.  Insofar as the allegations imply that the City is entitled to any relief, they are denied.

2.

Subject to the Second affirmative defense above, the allegations of paragraphs 2 and 3 are admitted.

3.

The allegations of paragraphs 4, 5, 6, 7, 12, 21, 26, 36, 38, 41, 43, 44, 46, 47 and 48 are denied.

4.

Insofar as the allegations of paragraph 8 assume that the City Attorney or the "City's legal counsel" can initiate a lawsuit without first obtaining confirmation of the city council, or assume that the City Attorney can bind the City in judicio by doing so, or assume that the City Attorney may be a prosecuting officer in a forum other than the City's Municipal Court, the same is denied.  See City Charter. That said, the ordinance speaks for itself.

5.

The first sentence of paragraph 9 is denied.  The second sentence references an exhibit which speaks for itself.  Insofar as the statements contained in the referenced exhibit are offered as allegations, they are denied.

6.

The allegation of paragraph 10 is denied as stated; that said, the plaintiffs admit that Morrison was convicted

in that court, and that the appeal was affirmed.

7.

The allegations of paragraphs 13, 14, 16, 17, 19, 20, 22, 27, 28, 29, 30, 32, 37 and 40 of the counterclaim are admitted.

8.

The allegations of paragraphs 11, 15, 23, 24, 25, 31, 33, 34 and 35 are denied as stated.

9.

The plaintiffs lack knowledge and information to admit or deny the allegations of paragraph 18, which therefore stand denied.

10.

The allegations of paragraph 39 are denied as stated; however, Stardust operates on a parcel adjacent to the parcel upon which Pink Pony operates.

12.

Paragraphs 42, 45 and 49 do not require an answer and therefore stand denied.

13.

Each allegation of the counterclaim has not otherwise been responded to is denied.

WHEREFORE, the plaintiffs pray that the Court:

(a)  dismiss or deny the City's counterclaim;

    (b)   tax all reasonable costs and attorney's fees against the City;

    (c)   grant a trial by jury on all issues so triable; and

    (d)   award such other relief it deems just and proper.

This 20th day of January, 2015.

                          Respectfully submitted,

                          WIGGINS LAW GROUP

                          BY: /s/ Cary S. Wiggins
                          Cary S. Wiggins
                          Ga. Bar No. 757657

Suite 401
260 Peachtree Street, NW
Atlanta, GA 30303
Telephone: (404) 659-2880
Facsimile: (404) 659-3274
www.wigginslawgroup.com

**CERTIFICATE OF SERVICE**

I certify that on this date, I electronically filed this PLAINTIFFS' ANSWER AND AFFIRMATIVE DEFENSES TO CITY OF BROOKHAVEN'S COUNTERCLAIM with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

    Scott D. Bergthold, Esq.
    Bryan A. Dykes, Esq.
    Law Office of Scott D. Bergthold, P.L.L.C.
    7446 Shallowford Road, Suite 202
    Chattanooga, Tennessee 37421

    Harvey S. Gray, Esq.
    Matthew A. Ericksen, Esq.
    Gray Rust St Amand Moffett & Brieske LLP
    Suite 1700
    950 E. Paces Ferry Rd.
    Atlanta GA 30326

    Emily E. Macheski-Preston, Esq.
    Coleman Talley LLP
    3475 Lenox Road NE, Suite 400
    Atlanta, GA 30326

This 20th day of January, 2015.

                        By: /s/ Cary S. Wiggins
                        Cary S. Wiggins
                        Ga. Bar No. 757657

WIGGINS LAW GROUP
Suite 401
260 Peachtree Street, N.W.
Atlanta, Georgia 30303
Telephone: (404) 659-2880
Facsimile: (404) 659-3274
cary@wigginslawgroup.com